RICK D. ROSKELLEY, ESQ., Bar # 3192
MONTGOMERY Y. PAEK, ESQ., Bar # 10176
NEIL C. BAKER, ESQ., Bar # 14476
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:    702.862.8800
Fax No.:        702.862.8811
rroskelley@littler.com
mpaek@littler.com
nbaker@littler.com

Attorneys for Defendant
PRINCE TELECOM, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN M. COLOSIMO, an individual; and NATHANIEL A. PORTEOUS, an individual; on behalf of themselves and all others similarly situated,, <br><br> Plaintiff, <br><br> vs. <br><br> PRINCE TELECOM, LLC, a Delaware corporation; and DOES 1 through 10, inclusive,, <br><br> Defendant. | Case No.   2:19-cv-00647 <br><br> **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C §§ 1441, 1446 (FEDERAL QUESTION)** <br><br> (Eighth Judicial District Court for Clark County, Nevada, Case No. A-19-790228-C) |

TO:   CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

PLEASE TAKE NOTICE that Defendant Prince Telecom, LLC ("Defendant"), hereby removes this action from the Eighth Judicial District Court, Clark County, Nevada, to the United States District Court for the District of Nevada.  Defendant is authorized to remove this case under 28 U.S.C. §§ 1441(a) and 1446 because this Court has original jurisdiction over the federal claims raised by Plaintiffs Steven M. Colosimo and Nathaniel A. Porteous ("Plaintiffs") under 28 U.S.C. § 1331 (federal question jurisdiction) and supplemental jurisdiction over their state law claims under 28 U.S.C. § 1367.  In support of removal, Defendant respectfully submits the following statement:

FIRMWIDE:163733
 890.1 053127.1026

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

1. On February 28, 2019, Plaintiffs filed a putative collective and class action in the Eighth Judicial District Court, Clark County, Nevada, entitled *Steven M. Colosimo and Nathaniel A. Porteous, individuals, on behalf of themselves and all other similarly situated employees, Plaintiffs, vs. Prince Telecom, LLC, a Delaware limited liability company; and Does 1 through 10, inclusive, Defendants*, Case No. A-19-790228-C.  A true copy of Plaintiffs' complaint (the "Complaint") is attached hereto as **Exhibit 1**.  Defendant incorporates the allegations of the Complaint by reference without admitting their truth.

2. The Complaint asserts eight claims for relief:  (1) failure to pay minimum wages in violation of the Nevada Constitution; (2) failure to compensate for all hours worked in violation of NRS 608.140 and 608.016; (3) failure to pay overtime in violation of NRS 608.140 and 018; (4) failure timely to pay all wages due and owing in violation of NRS 608.140 and 020 through 050; (5) failure to provide meal periods in violation of NRS 608.140 and 019; (6) failure to provide rest periods in violation of NRS 608.140 and 019; (7) failure to pay wages for all hours worked in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C § 206; and (8) failure to pay overtime in violation of the FLSA, 29 U.S.C. § 207.  Plaintiffs assert all causes of action on behalf of themselves and the putative class.

3. Plaintiffs effected services of process on Defendant on March 26, 2019.  True copies of all papers Defendant received from Plaintiffs in addition to the Complaint are attached hereto as **Exhibit 2**.

4. Plaintiffs' Seventh and Eighth Claims for Relief both arise under federal law as they assert claims for minimum wage and overtime compensation under the FLSA, 29 U.S.C §§ 206 and 207.  Where a plaintiff invokes the protection of federal law on the face of her complaint, federal jurisdiction attaches, even if it is later determined that the plaintiff failed to state a cognizable claim.  *See Burke v. Austin Independent School Dist.*, 709 F. Supp. 120 (W.D. Tex. 1987).  Accordingly, this Court has original jurisdiction over the Seventh and Eighth Claims for Relief under 28 U.S.C. § 1331.

5. Plaintiffs' state law claims all share a common nucleus of operative facts with the Seventh Claim for Relief, namely Defendant's alleged labor and compensation practices.  Specifically, Plaintiffs allege that Defendant suffered them and others similarly situated to work during rest and

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

FIRMWIDE:163733890.1 053127.1026

meal periods and to answer work calls while off the clock.  *See* Complaint ¶¶ 60 (First Claim for Relief) (alleging employees "had their meal periods interrupted by work"), 68–69 (Second Claim for Relief) (alleging employees "had their meal periods interrupted by work"), 78–80 (Third Claim for Relief) (alleging interrupted meal periods and off-the-clock work calls), 92 (Fourth Claim for Relief) (re-alleging facts supporting first, second, and third causes of action for failure to pay wages for all hours worked), 98–100 (fifth cause of action) (alleging interrupted meal periods and off-the-clock work calls), 108 (Sixth Claim for Relief) (alleging Defendant suffered employees to work during rest periods).  These are the same allegations on which Plaintiffs base their Seventh Claim for Relief, wherein Plaintiffs allege that Defendants failed to pay them "a minimum wage for all hours worked" in violation of the FLSA.  *See* id. ¶ 113; *see also id.* ¶ 112 (incorporating by reference the allegations asserted in support of causes of action one through six).  Accordingly, this Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. 1367, and those claims are properly removable under 28 U.S.C. § 1441(c).  *See Chavez v. IBP, Inc.*, No. CT-01-5093-EFS, 2002 WL 31662302, *1 (E.D. Wash. Oct. 28, 2002) (finding that "the state law wage and hour claims arise under the same circumstances as the FLSA claims: both related to [the defendant's] operation of its . . . plant"); *see also Mincy v. Staff Leasing, L.P.*, 100 F. Supp. 2d 1050, 1053 (D. Ariz. 2000) ("Federal courts are reluctant to remand state claims, once they obtain original jurisdiction based on federal question, where all the claims derive from the same set of facts.").

6. Plaintiffs' Third Claim for Relief also shares a common nucleus of operative facts with the Eighth Claim for Relief for failure to pay overtime.  In support of their Third Claim for Relief, Plaintiffs allege that they "and all other similarly situated employees sometimes worked shifts of . . . forty (40) hours a week or more, some of this was off-the-clock work."  *See* Complaint ¶ 81.  These are the same allegations on which Plaintiffs base their Eighth Claim for Relief, wherein Plaintiffs allege that they "and all other similarly situated employees worked more than forty hours per week for Defendants," without being paid the proper premiums under the FLSA.  *See id.* ¶ 118.  Accordingly, this Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. 1367, and those claims are properly removable under 28 U.S.C. § 1441(c).  *See Chavez*, 2002 WL 31662302, *1; *Mincy*, 100 F. Supp. 2d at 1053.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

FIRMWIDE:163733890.1 053127.1026

7. Notice of this removal is effected properly and timely in accordance with 28 U.S.C. § 1446(b)(1), as it is filed within 30 days of the date that Plaintiffs effected service on Defendants.

8. Venue is proper in this judicial district in accordance with 28 U.S.C. § 1441(a) because the Nevada Court is embraced within the district.

9. Defendant has given written notice of this removal to all adverse parties in accordance with 28 U.S.C. § 1446(d). A copy of that notice is attached hereto as **Exhibit 3**.

10. Defendant filed a notice of removal of the action in the Nevada Court in accordance with 28 U.S.C. § 1446(d). A copy of that notice is attached hereto as **Exhibit 4**.

11. Based on the foregoing, this action is properly removable to this Court.

Dated: April 15, 2019

Respectfully submitted,

/s/ *Neil C. Baker*
RICK D. ROSKELLEY, ESQ.
MONTGOMERY Y. PAEK, ESQ.
NEIL C. BAKER, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
PRINCE TELECOM, LLC

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

FIRMWIDE:163733890.1 053127.1026

## **CERTIFICATE OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169-5937. On April 15, 2019, I served the within document:

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C §§ 1441, 1446 (FEDERAL QUESTION)**

☑ By CM/ECF Filing – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Troy L. Isaacson, Esq.
Norberto J. Cisneros, Esq.
Barbara M. McDonald, Esq.
MADDOX ISAACSON CISNEROS LLP
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141
*Attorneys for Plaintiffs*

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 15, 2019, at Las Vegas, Nevada.

*/s/ Maribel Rodriguez*
Maribel Rodriguez

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

FIRMWIDE:163733890.1 053127.1026