RICK D. ROSKELLEY, ESQ., Bar # 3192
MONTGOMERY Y. PAEK, ESQ., Bar # 10176
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Telephone: 702.862.8800
Fax No.: 702.862.8811
Emails: rroskelley@littler.com
mpaek@littler.com

Attorneys for Defendant
PRINCE TELECOM, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEVEN M. COLOSIMO and NATHANIEL A. PORTEOUS, individuals, on behalf of themselves and all other similarly situated employees,

Plaintiffs,

vs.

PRINCE TELECOM, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:19-cv-00647-JCM-BNW

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT**

Defendant PRINCE TELECOM, LLC ("Prince Telecom" or "Defendant"), by and through its attorneys of record, Littler Mendelson, P.C., hereby moves this Court for an order dismissing Plaintiffs STEVEN M. COLOSIMO and NATHANIEL A. PORTEOUS', (collectively "Plaintiffs") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). This Motion is made and supported by the attached Memorandum of Points and Authorities, all other pleadings on file with the Court in this matter and any oral argument permitted by the Court.

///

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This Collective and Class Action Complaint arises out of alleged wage and hour violations under Federal and Nevada law. Plaintiffs, former non-exempt hourly Field Installation Technician employees, assert claims for: (1) Failure to pay minimum wages in violation of the Nevada Constitution; (2) Failure to compensate for all hours worked in violation of NRS §§ 608.140 and 608.016; (3) Failure to pay overtime in violation of NRS §§ 608.140 and 608.018; (4) Failure to timely pay all wages due and owing in violation of NRS §§ 608.140 and 608.020-050; (5) Failure to provide meal periods in violation of NRS §§ 608.140 and 608.019; (6) Failure to provide rest periods in violation of NRS §§ 608.140 and 608.019; (7) Failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206; and (8) Failure to pay overtime in violation of the FLSA, 29 U.S.C. § 207.

The gravamen of Plaintiffs' Complaint is broad allegations that putative class members were not afforded sufficient time to take meal and rest breaks and were somehow then required to work off-the-clock during meal and rest periods and other unspecified occasions, including meetings. However, Plaintiffs' Complaint does not set forth sufficient allegations to establish a plausible claim for relief under controlling authority, as applied by this Court on numerous occasions, and therefore should be dismissed.

## II. RELEVANT FACTUAL ALLEGATIONS

None of Plaintiffs' eight causes of action are properly pled. Plaintiffs' minimum wage and overtime claims are based on conclusory allegations that Defendant implemented a "*de facto* piecework-without-minimum wage/overtime system" that did not pay minimum wage or overtime pay. **ECF No. 1-3 at ¶ 27.** In relation to Plaintiffs' First Claim for minimum wage under Nevada Constitution, Article 15, Section 16 ("Minimum Wage Amendment" or "MWA"), Plaintiffs allege that they were scheduled to forego or interrupt meal periods and were required to perform off-the-clock work after unspecified shifts. ***Id.* at ¶ 60**. As to Plaintiffs' Second Claim for all hours worked under NRS § 608.016, Plaintiffs allege that they were not paid for time worked before or after unidentified shifts and then repeat their factual allegations under the MWA. ***Id.* at ¶ 68-69**. In



LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Plaintiffs' Third Claim for overtime under NRS § 608.018, Plaintiffs allege, with no actual dates or meaningful calculable examples, that they were not scheduled for meal periods; clocked out for late, short, or interrupted meals; were encouraged to leave on and answer cell phones on during breaks; and unspecified bonuses were not included in the regular rate. ***Id.* at ¶¶ 78-84.** In Plaintiffs' Fourth Claim for wages due on termination under NRS §§ 608.020-050, Plaintiffs broadly and simply allege that they were not paid the "correct legal rate." ***Id.* at ¶ 92.** In Plaintiffs' Fifth Claim for meal periods under NRS § 608.019, Plaintiffs do nothing more than repeat their previous allegations under the MWA and NRS § 608.018. ***Id.* at ¶¶ 99-102.** In Plaintiffs' Sixth Claim for rest periods under NRS § 608.019, Plaintiffs again assert conclusory allegations that unidentified scheduling policies prevented rest periods. ***Id.* at ¶ 109.** In Plaintiffs' Seventh and Eight Claims for FLSA minimum wage and overtime, Plaintiffs add no new facts and simply refer to "Defendants' practices as described herein." ***Id.* at ¶¶ 114, 119.**

Plaintiffs' claims for minimum wage under the MWA and the FLSA fail to allege any workweek or other calculable example for this Court to determine if minimum wage was improperly paid. Similarly, Plaintiffs' claims for overtime under NRS § 608.018 and the FLSA are missing facts that would show that Plaintiffs' wage rates fell below the required overtime premium for any pay period. Plaintiffs' claims for all hours worked under NRS § 608.016 and wages due on termination under NRS §§ 608.020-050 are merely formulaic recitations of elements of those claims with conclusory allegations of violations. As to Plaintiffs' claims for meal periods and rest periods under NRS § 608.019, Plaintiffs again conclude a violation with no actual example of a specific meal or rest period they were not provided on any particular day or workweek.

When viewed against the pleading standard under Fed.R.Civ.P. 8(a)(2), the Complaint is deficient as a matter of law because it does not allege facts sufficient to state a single claim for relief that is plausible on its face. This is evidenced by the fact that of the 26 paragraphs contained in the section of the Complaint designated as "Factual Allegations", 21 of those paragraphs are pled solely "[u]pon information and belief." Indeed, the Complaint as a whole is completely devoid of allegations actually demonstrating that either Plaintiff was not properly paid minimum wages, overtime wages or wages due during even a single week of work. Plaintiffs do not allege basic facts



LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

necessary to support their claims such as their rates of pay, a week wherein they actually worked overtime, a day during which they were required to work "off the clock", the amount of any "incentive pay" or "nondiscretionary bonuses" they received and whether or not such was included in their regular rate calculations for overtime, or when, if ever, their rates of pay fell below the minimum wage in a given work week. Similarly, Plaintiffs have not even pled whether or not wages or compensation was due and unpaid on termination of their employment.

## III. LEGAL STANDARD FOR A MOTION TO DISMISS

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). To survive dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). While a pleading generally need not contain detailed allegations, it must allege sufficient facts to raise a right to relief above the speculative level. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id.* Rather, to survive a motion to dismiss, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

Though the party opposing a 12(b)(6) motion to dismiss is given the benefit of the doubt in that its factual allegations are accepted as true, a court will not assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," and must do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citations omitted). As the Court in *Twombly* further noted, a plaintiff must "nudge[] [its] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Id.* at 570. Because the line separating the plausible from the merely conceivable is not always a clear one, the reviewing court is to "draw on its judicial experience and common sense" in making the determination of what a plausible claim looks like. *Iqbal*, 129 S. Ct. at 1950.

In *Iqbal*, the Supreme Court provided a framework in which the reviewing court could exercise its experience and common sense. First, the court should determine which allegations merely state



LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

legal conclusions and which are indeed factual assertions. *Id.* Second, the court should determine whether the factual assertions present a plausible entitlement to relief. *Id.* In other words, the court must determine whether the remaining factual content alleged, if true, permits a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 1949-50. Therefore, as in the instant matter, where a complaint relies solely on formulaic recitations or unsupported conclusions, the claims should be dismissed.

## IV. LEGAL ARGUMENT

Plaintiffs have asserted eight causes of action: (1) Failure to pay minimum wages in violation of the Nevada Constitution; (2) Failure to compensate for all hours worked in violation of NRS §§ 608.140 and 608.016; (3) Failure to pay overtime in violation of NRS §§ 608.140 and 608.018; (4) Failure to timely pay all wages due and owing in violation in violation of NRS §§ 608.140 and 608.020-050; (5) Failure to provide meal periods in violation of NRS §§ 608.140 and 608.019; (6) Failure to provide rest periods in violation of NRS §§ 608.140 and 608.019; (7) Failure to pay minimum wages in violation of the FLSA, 29 U.S.C. § 206[1]; and (8) Failure to pay overtime in violation of the FLSA, 29 U.S.C. § 207. Prince Telecom moves to dismiss all eight causes of action on the grounds that Plaintiffs have failed to set forth sufficient allegations of facts to support plausible claims for relief against Prince Telecom under the applicable and controlling law.

### A. Plaintiffs' Seventh and Eighth Causes of Action Should be Dismissed As They Have Not Sufficiently Pled Minimum Wage and Overtime Claims Under the FLSA.

Plaintiffs' minimum wage and overtime claims under the FLSA must be dismissed because neither claim satisfies the pleading standard established by *Twombly* and *Iqbal* and applied by the Ninth Circuit to FLSA claims for minimum wage and overtime. The Ninth Circuit articulated the appropriate pleading standard for FLSA minimum wage and overtime claims in the case *Landers v.*

[1] Although Plaintiffs' caption alleges "Failure to pay wages for all hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. §201, et. seq.", Plaintiffs' Seventh Claim for Relief changes their allegations to "Failure to pay minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206." **ECF No. 1-3 at pp. 2, 27.** As only the Seventh Claim for Relief contains Plaintiffs' factual allegations, Prince Telecom will address those claims under the FLSA's minimum wage provisions in 29 U.S.C. § 206.



LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

*Quality Communications, Inc.*, and Plaintiffs have utterly failed to meet that standard. 771 F.3d 638, 640 (9th Cir. 2014), *as amended* (Jan. 26, 2015), *cert. denied*, No. 14-969, 2015 WL 569003 (Apr. 20, 2015). According to *Landers*, in order to survive a motion to dismiss, a plaintiff must "allege facts showing that there was *a given week* in which [the plaintiff] was entitled to but denied minimum wages or overtime wages." *Id.* at 645 (emphasis added). To satisfy this standard, the Ninth Circuit concluded that "[a] plaintiff may establish a plausible [FLSA minimum or overtime wage] claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, . . . or any other facts that will permit the court to find plausibility." *Id.* at 645.[2] "Although plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of . . . compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they [were not fully compensated]." *Id.* at 646 (citation omitted) (emphasis added).

Here, Plaintiffs' minimum wage and overtime causes of action are based on the following two generalized allegations:

- that they were required to work off-the-clock and not afforded sufficient time to take meal and rest breaks. **ECF No. 1-3 at ¶¶ 68-69.**[3]
- that they were "required . . . to clock out for meal periods so that employee time records reflected meal periods were taken when, in actuality, they were not." ***Id. at* ¶¶ 69 and 109.**

These allegations fail to even meet the most basic pleading standard for asserting minimum wage and overtime claims under the FLSA.

### 1. There are No Factual Allegations to Support Plaintiffs' Minimum Wage Claim (Count VII)

Plaintiffs plead no facts whatsoever concerning the amount of compensation they received during the purported class period, let alone facts sufficient to support an FLSA Section 206(a) failure

---

[2] The *Landers* Court also held that this reasoning for FLSA overtime claims "applies with equal force" to FLSA minimum wage claims. *Id.* at fn. 2.

[3] Specifically, Plaintiffs simply allege that they "were forced to forego meal breaks and/or have their meal breaks interrupted by work and were not relieved of all duties for unpaid meal periods", "were required to perform work off-the-clock after their scheduled shift to complete their assigned calls and appointments", and were not paid "for time spent in meetings." **ECF No. 1-3 at ¶¶ 32, 69 and 109.**



LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

to pay minimum wage claim. To state a claim under FLSA Section 206(a), a plaintiff must allege that the total compensation for a week divided by the number of hours worked during the week results in an average hourly rate below the statutory minimum ($7.25 per hour). *See Adair v. City of Kirkland*, 185 F.3d 1055, 1063 (9th Cir. 1999). Indeed, there can be no violation of FLSA Section 206(a) if the total weekly wage paid meets the minimum weekly requirements of the statute. *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986); *Samuels v. We've Only Just Begun Wedding Chapel, Inc.*, Case No. 2:13-cv-00923-APG-PAL, 2014 WL 1302047, at *3 (D. Nev. Mar. 31, 2014).

While Plaintiffs have alleged that they were required to work off-the-clock, or without compensation, nowhere do Plaintiffs allege that their wage rates during any workweek actually fell below the minimum required wage. Nor do Plaintiffs even allege at what rate they were compensated during the relevant period. Therefore, Plaintiffs have failed to meet standards set forth in *Adair* and *Landers*.

This Court's decision in *Coyne v. Station Casinos LLC*, Case No. 2:16-cv-02950-JCM-NJK, 2017 WL 1745031 (D. Nev. May 2, 2017), is further illustrative of the pleading standard in this context. In *Coyne*, this Court granted the employer's motion to dismiss the plaintiff's FLSA minimum wage claim because, although the plaintiff alleged that the purported FLSA class was not compensated for pre-shift meetings that amounted to thirty to forty minutes of uncompensated work each week, he failed to allege that the total compensation received fell below the minimum wage amount in any given workweek. *Id.* at *3-4.

Cases from this District are consistent with *Coyne*. For example, in *Samuels*, the Court rejected plaintiff's claim that defendants violated the FLSA by failing to pay her for 30 minutes each shift because plaintiff did "not allege that adding the 30-minute lunch periods to her hours worked would result in any hourly wage, averaged across the week, below the statutory minimum prescribed by the FLSA." *Samuels*, 2014 WL 1302047, at *3. And, the Court in *Levert v. Trump Ruffin Tower I, LLC*, when faced with a nearly identical set of allegations – including the fact that plaintiffs "failed to even state the hourly wage at which they were paid while employed by Defendant" – concluded that it could not possibly infer from the allegations of off-the-clock work that plaintiffs total compensation fell

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

below the minimum wage requirement of Section 206. Case No. 2:14-cv-01009-RCJ-CWH, 2015 WL 133792, *3 (D. Nev. Jan. 9, 2015).[4] Plaintiffs' Section 206(a) claim is plead much like (and not even as well as) the claims in *Coyne*, *Samuels*, and *Levert*, and should therefore suffer a similar fate of dismissal.

**2. There are No Factual Allegations to Support Plaintiffs' FLSA Overtime Wage Claim (Count VIII)**

The Court should also dismiss Plaintiffs' FLSA Section 207(a) overtime claim for failing to meet the plausibility standard set forth in *Landers*. "[T]o survive a motion to dismiss, a plaintiff asserting a claim to overtime payments [under the FLSA] must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers*, 771 F.3d at 644-45. The Ninth Circuit provided ample guidance to would-be plaintiffs, making clear that survival of a motion to dismiss required a plaintiff to either (1) estimate the length of his average workweek; (2) identify the average rate at which he was paid; and (3) identify the amount of overtime wages he believes he is owed; or set forth other facts that permit a court to find plausibility. *Id.* at 645.

In this case, Plaintiffs have done neither. Indeed, Plaintiffs' allegations are remarkably similar to the allegations in *Landers*, which was also brought by employees performing work as cable installation technicians and also alleged that defendants "implemented a 'de facto piecework no overtime' system" and "falsified payroll records to conceal their failure to pay required wages." *Id.* And, just as the *Landers* complaint "failed to provide sufficient detail about the length and frequency

---

[4] Courts in other jurisdictions are likewise consistent in their application of this standard when considering motions to dismiss. *See*, *Perez v. Wells Fargo & Co.*, the Northern District of California Court dismissed the plaintiffs' minimum wage claim because the complaint merely alleged FLSA minimum wage violations in conclusory fashion. *See Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1192-93 (N.D. Cal. 2014) (dismissing minimum wage claim because violations were alleged in a conclusory fashion); *Gordon v. City of Oakland*, Case No. 08-cv-1543-WHA, 2008 WL 2095510, at *2 (N.D. Cal. May 16, 2008) (dismissing minimum wage claim where the plaintiff did not show "any single pay period where she was paid below the minimum wage for this period"); *Nicholson v. UTI Worldwide, Inc.*, Case No. 09-cv-722-JPG-DGW, 2010 WL 551551, at *5 (S.D. Ill. Feb. 12, 2010) (dismissing minimum wage claim, explaining that where the employee's total weekly wage is equal to or greater than his hours worked multiplied by the minimum hourly rate, the employer has satisfied the minimum wage requirement, and where the employee merely pled he worked overtime or time off-the-clock, but has not pled facts with respect to how many hours he worked off-the clock, his weekly pay, or his effective hourly rate, he has not adequately pled a minimum wage claim); *Franks v. MKM Oil, Inc.*, Case No. 10 C 13, 2010 WL 3613983 (N.D. Ill. Sept. 8, 2010) (dismissing minimum wage claim because, where employee alleged that the employer failed to pay her overtime, required her to work hours for which she was not compensated, and required her to repay several expenses, but did not plead facts with respect to the amounts of the repayments and how much she earned to adequately plead a minimum wage claim); and *Gessele v. Jack in the Box, Inc.*, Case No. 10-cv-960-ST, 2011 WL 1357437, at *4 (D. Or. Jan. 31, 2011), *report and recommendation adopted*, 2011 WL 1357356 (D. Or. Apr. 11, 2011).



LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

of [Landers's] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week," *id*., so too does Plaintiffs' Complaint fail to provide the specificity necessary to withstand a motion to dismiss.

Moreover, the Ninth Circuit made clear that "at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek." *Id.* at 646. Here, though Plaintiffs allege they were not paid FLSA overtime for the time they allegedly worked off-the-clock, they do not actually allege any workweek during the relevant period in which they worked over 40 hours in a workweek.[5] Accordingly, they have failed to meet even the minimum plausibility standard set forth in *Landers* and the Court should dismiss Plaintiffs' Section 207(a) claim. *Id.*; *see also Coyne*, 2017 WL 1745031 at *4 (dismissing plaintiff's Section 207(a) claim for failure to meet the pleading standard set forth in *Landers*, noting that plaintiff failed to allege "at least one week in which an alleged ten-minute pre-shift meeting caused him to work more than 40 hours per week without overtime compensation."); *Levert*, 2015 WL 133792 at *5 (dismissing Section 207(a) claim where Plaintiffs' allegations of working 115 minutes per day of uncompensated time lacked sufficient detail for court to "bridge Plaintiffs' allegations of daily off-the-clock work with the total amount of time that Plaintiffs worked in a given week").

**B. Plaintiffs' First, Second, Third, Fifth, and Sixth Causes of Action Should be Dismissed As They Have Not Sufficiently Pled State Law Claims Under NRS § 608.016, NRS § 608.018, NRS § 608.019, NRS § 608.140[6] and the Nevada Constitution.**

As an initial matter, if the Court dismisses Plaintiffs' FLSA claims, it should also dismiss Plaintiffs' remaining state law claims over which it has supplemental jurisdiction. *See e.g., Coyne,* 2017 WL 1745031 at *4, citing *Wade v. Regional Credit Association*, 87 F.3d 1098, 1011 (9th Cir 1996) ("where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice").

Even if the Court declines to dismiss Plaintiffs' state law claims for that reason, the claims

---

[5] Plaintiffs also fail to include the amount of any "incentive pay" or "nondiscretionary bonuses" they received and facts sufficient to demonstrate whether or not this pay was used in calculating overtime compensation.

[6] Plaintiffs fail to allege in the Complaint that a pre-suit demand was made in writing pursuant to NRS § 608.140. *See Sargent v. HG Staffing, LLC*, No. 3:13-cv-00453-LRH-GWF, 2019 WL 1117905, at *9 (D. Nev. Mar. 8, 2019) (finding plaintiffs were not entitled to attorneys' fees under NRS § 608.140 due to their failure to send a sufficient demand letter).



LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

made by Plaintiffs under state law NRS § 608.016 each hour worked, NRS § 608.018 overtime, NRS § 608.019 meal periods, NRS § 608.019 rest periods, and the MWA should be dismissed because they suffer from the very same fatal flaws as the minimum wage and overtime claims under the FLSA as discussed, supra. Nevada federal courts have explained that Nevada state law wage claims are subject to the same pleading standard as federal claims.

**1. There Are No Factual Allegations to Support Plaintiffs' Claims for Minimum Wage, Overtime and All Hours Worked Under Nevada Statutes and the MWA**

This Court in *Johnson v. Pink Spot Vapors Inc.* confirmed that the Ninth Circuit's pleading standard articulated in *Landers*, and by this Court in *Levert,* also applies to Nevada state law minimum wage claims. Case No. 2:14-cv-1960-JCM-GWF, 2015 WL 433503, *2-6 (D. Nev., Feb. 3, 2015). Specifically, this Court in *Johnson* explained that the plaintiffs' allegation that they routinely worked more than forty hours per week but did not receive overtime wages "is conclusory," and that one of the plaintiff's estimates that she was routinely told to stay between fifteen minutes to an hour after her shift had ended failed to bridge the "factual gap" to provide sufficient specificity to survive dismissal under the *Landers* standard. *Id at 4.* In specifically considering plaintiffs' claims under Nevada state law, the *Johnson* Court held:

> [] Its analysis of plaintiffs' FLSA claims is also applicable to this claim. Plaintiffs have not alleged any additional facts for this claim. Instead, they have merely alleged that in addition to not paying them overtime wages, defendants did not pay the plaintiffs any wages for hours worked above forty hours a week, thus denying plaintiffs even a minimum wage. As discussed above, . . . plaintiff DeAlba's failure to 'develop factual allegations with sufficient specificity' for her FLSA claim indicates the same failure to satisfy the pleading standard in her [state wage] claim. The motion to dismiss will therefore be . . . granted as to DeAlba's claim.

*Id.* at *6.

The analysis articulated in *Landers* applies with equal force to Plaintiffs' state overtime and all hours worked claims, and requires dismissal of these claims. *See Nye v. Ltd.,* No. 2:16-cv-00702-



LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

RFB-CWH, 2017 WL 1228408, at *3-4 (D. Nev. Apr. 2, 2017) (applying the federal pleading standard to dismiss State overtime and minimum wage claims). Here, Plaintiffs make only general, conclusory allegations about unpaid time as described above. Notably, they fail to provide any of the required specificity for minimum wage, overtime and all hours worked claims as articulated by this Court in *Johnson*; i.e., factual detail regarding how Plaintiffs were not properly compensated. This includes any allegation about a particular workweek in which they worked the requisite hours for overtime and were not paid overtime compensation, any workweek in which their pay actually fell below the required wage under the MWA, or even the rate at which they were compensated during the relevant period. Such conclusory allegations regarding an employee not being paid for generally alleged tasks, without more, is insufficient to state a claim under the Nevada law for minimum wage, overtime, or all hours worked claims. *See Sargent*, 2019 WL 1117905 at *9. Accordingly, Plaintiffs' State law claims for minimum wage, overtime, and all hours worked must be dismissed and should be dismissed without leave to further amend. *See Johnson*, 2015 WL 433503 at *4.

**2. There Are No Factual Allegations to Support Plaintiffs' Claims that Defendant Failed to Provide Meal and Rest Periods**

Similarly, Plaintiffs' claims for violations of meal and rest periods should be dismissed for failing to meet the pleading standard in *Twombly* and *Iqbal*. In the Complaint, Plaintiffs allege that they were not given sufficient time to take meal and rest breaks, and that they were not paid the full meal premiums due. **ECF No. 1-3 at ¶¶ 98-99, 109**. Specifically, Plaintiffs simply allege that they "had to work through some or all of their meal periods, have their meal periods interrupted to hurry to the next call/appointment, and/or wait extended periods of time before taking meal periods", as well as "regularly work[] straight through their shifts without taking 10 minute rest periods." ***Id.* at ¶¶ 100, 109**. Plaintiffs further allege that they were not paid for time working during meal breaks. ***Id.* at ¶¶ 69, 78**. Plaintiffs' allegations are similar to those found to be insufficient in *Levert*. 2015 WL 133792. The court in *Levert* held that generalized allegations of performing off-the-clock work, without allegations concerning a specific workweek in which the off-the-clock activities occurred, do not satisfy the pleading requirements of *Iqbal* and *Twombly*. *Id.* at *3-5. As in *Levert*, Plaintiffs fail to



LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

meet the pleading standard as Plaintiffs fail to plead any facts concerning a specific meal or rest period that they were not provided, even for a particular day or workweek. *See id.* at *3 (holding that for off-the-clock work claims, plaintiffs "should be able to specify *at least one* workweek" in which a violation occurred). Accordingly, Plaintiffs' claims for violations of NRS § 608.019 should be dismissed. *See id.* at *5.

**C. Plaintiffs' Fourth Cause of Action Should Be Dismissed Because They Have Not Sufficiently Pled a Failure to Pay Wages Due on Termination Under NRS §§ 608.020-050.**

Finally, Plaintiffs have also failed to set forth sufficient facts to support a plausible claim for violation of the Nevada rules for the distribution of a final paycheck under NRS §§ 608.020-050. Plaintiffs' allegations in this regard are nothing more than a formulaic recitation of the elements of a claim for failure to pay wages due on termination coupled with a conclusory allegation that Defendant violated the law. Simply stating, "Defendants have failed to timely remit all wages due and owing to Plaintiffs" does not sufficiently allege a claim under these statutes. **ECF No. 1-3 at ¶ 92.** This is an insufficient factual basis as a matter of law for the Court to be able to determine whether Plaintiffs were in fact owed wages on termination and that these wages were not timely paid. Accordingly, Plaintiffs' fourth cause of action should be dismissed. *See Twombly*, 550 U.S. at 570.

## V. CONCLUSION

For the reasons set forth above, Prince Telecom requests that the Court grant its Motion to Dismiss.

Dated: May 6, 2019

Respectfully submitted,

RICK D. ROSKELLEY, ESQ.
MONTGOMERY Y. PAEK, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
PRINCE TELECOM, LLC



LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169. On May 6, 2019, I served the within document(s):

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT**

☒ By **CM/ECF Filing** – Pursuant to FRCP 5(b)(3) and LR 5-1, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Tory L. Isaacson, Esq.
Norberto J. Cisneros, Esq.
Barbara McDonald, Esq.
MADDOX ISSACSON CISNEROS LLP
11920 Southern Highlands Pkwy, Suite 100
Las Vegas, Nevada 89141

Attorneys for Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 6, 2019, at Las Vegas, Nevada.

*/s/ Erin J. Melwak*
Erin J. Melwak

FIRMWIDE:164212209.1 053127.1026



LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862.8800