Troy L. Isaacson, Esq., NV Bar No. 6690
Norberto J. Cisneros, Esq., NV Bar No. 8782
Barbara M. McDonald, Esq., NV Bar No. 11651
**MADDOX | ISAACSON | CISNEROS LLP**
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141
Telephone: (702) 366-1900
Facsimile: (702) 366-1999
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN M. COLOSIMO and NATHANIEL A. PORTEOUS, individuals, on behalf of themselves and all other similarly situated employees,<br><br>Plaintiffs,<br><br>vs.<br><br>PRINCE TELECOM, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv00647<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT, AND MOTION TO AMEND**<br><br>[Hearing Requested] |

COME NOW Plaintiffs, STEVEN M. COLOSIMO and NATHANIEL A. PORTEOUS, individuals, on behalf of themselves and all other similarly situated employees, by and through their counsel, MADDOX | ISAACSON | CISNEROS LLP, and hereby submit this Opposition to Defendant's Motion to Dismiss Plaintiffs' Collective and Class Action Complaint, and Motion to Amend.

This Opposition and Motion are based on the following Memorandum of Points and Authorities, all pleadings and papers on file herein, and on such oral argument and documentary evidence that may be presented at any oral hearing.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant does not deny that it implemented a *de facto* piecework-without-minimum wage/overtime system, or forced Plaintiffs to forego or interrupt meal periods, or failed to pay Plaintiffs for all time worked, among other things. *See* ECF No. 8 at 2:20 – 3:12. Instead, Defendant has moved to dismiss on the basis that allegedly, Plaintiffs "fail to allege any workweek or other calculable example" for the Court to determine whether minimum wage and/or overtime was properly paid. *Id.* at 3:13-21. Defendants cite *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014) for the proposition that the federal pleading standards established by *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) require such examples. *Id.* at 5:21 – 6:12. Defendants further argue that the Court has supplemental jurisdiction over Plaintiffs' state law claims, *see id.* at 9:20-24, and that Nevada state law wage claims heard in federal court are subject to the same heightened pleading standard. *Id.* at 10:4-5.

Further pending before the Court is Plaintiffs' Motion to Amend and Remand (ECF No. 11, 12, and 13). Therein, Plaintiffs requested leave to amend their Complaint, removing all federal claims, and remanding to state court. The Court should grant the Motion to Amend and Remand, and deny Defendant's Motion to Dismiss as moot. In the alternative, Plaintiffs oppose the Motion to Dismiss, and further in the alternative, seek leave to further amend for the purpose of addressing any concerns the Court may have.

## I. RELEVANT FACTUAL ALLEGATIONS

In this class action, Plaintiffs have asserted wage and hour violations under federal and Nevada law. Six of the eight claims brought by Plaintiffs were made under Nevada state law, as follows:

1) Failure to pay minimum wages in violation of the Nevada Constitution;

2) Failure to compensate for all hours worked in violation of NRS §§ 608.140 and 608.016;

2

<sub>3)</sub>

3) Failure to pay overtime in violation of NRS §§ 608.140 and 608.018;

4) Failure to timely pay all wages due and owing in violation of NRS §§ 608.140 and 608.020-050;

5) Failure to provide meal periods in violation of NRS §§ 608.140 and 608.019; and

6) Failure to provide rest periods in violation of NRS §§ 608.140 and 608.019.

Two claims made under federal law, namely:

1) Failure to pay wages for all hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq.; and

2) Failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

## II. LEGAL STANDARD FOR MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Detailed factual allegations are not required.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschcroft v. Iqbal*, 556 U.S. 678, 129 S.Ct. 1937, 1949 (2009).

## III. LEGAL STANDARD FOR LEAVE TO AMEND

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." The Supreme Court has interpreted Rule 15(a)(2) and confirmed the liberal standard district courts must apply when granting such leave:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

<sub>3</sub>

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962).

## IV. LEGAL ARGUMENT

Defendant alleges that Plaintiffs' minimum wage and overtime claims under the FLSA must be dismissed under *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 640 (9th Cir. 2014), *as amended* (Jan 26, 2015). ECF No. 8 at 5:23 – 6:3. In *Landers,* the court determined that in order to survive a motion to dismiss FLSA claims under *Twombly* and *Iqbal,* "a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during at workweek." *Landers,* 771 F.3d at 644-45. A plaintiff could meet the *Twombly* and *Iqbal* standard by "estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* at 645.

First, the Court should grant Plaintiffs' Motion to Amend and Remand, and render Defendant's Motion to Dismiss moot.

Second, and in the alternative, the Court should deny the Motion to Dismiss on the merits. On February 28, 2019, Plaintiffs filed this action in the Eighth Judicial District, Clark County, Nevada. The heightened particularity required in *Landers* does not comport with *Twombly,* as the kind of details required in *Landers* – time, date, and place, are details required for fraud claims, under Fed. R. Civ. P. 9. Specifically, *Landers* appears to require, "An allegation that a plaintiff typically worked a forty-hour workweek, and worked uncompensated extra hours during a *particular* forty-hour workweek would state a plausible claim for relief." *Landers,* 771 F.3d at 644 (emphasis added). Here, the piece-rate system Defendant employed was opaque, deliberately complicated and confusing. As demonstrated in **Exhibit 1** hereto, piece

4

rate. Plaintiffs contend the piece rates themselves are inaccurate. Yet according to Defendant, Plaintiffs must present their calculations now, without the benefit of discovery. Under these particular facts, where the piece rate changed weekly, the *Landers* requirement is onerous and unreasonable. Thus the Court should deny Defendant's Motion to Dismiss.

Third, and again in the alternative, the Court should allow leave to amend. The heightened *Landers* standard does not apply in state court – where Plaintiffs filed their Complaint. Nevada is a notice pleading state and specifically does not follow *Twombly*. *Garcia v. Prudential Ins. Co. of America*, 129 Nev. 15, 18, fn. 2, 293 P.3d 869, 871 (2013) (citing *Twombly*, 550 U.S. at 570, 127 S. Ct.). Thus it was unnecessary for Plaintiffs to meet the *Twombly* standard at time of filing. Given these facts, if the Court does not remand this case, it must give Plaintiffs an opportunity to amend. *See Levert v. Trump Ruffin Tower I, LLC*, No. 2:14-cv-01009-RCJ-CWH, 2015 WL 133792, at *5 (D. Nev. Jan. 9, 2015) (allowing plaintiffs to amend complaint to cure deficiencies under *Landers*). To that end, proposed First Amended Complaint is attached as **Exhibit 1**.

Finally, if the Court for some reason denies remand, it should not require the particularity standard of *Landers* to Plaintiff's state law claims. The cases Defendant cites to the contrary on not binding upon this Court. In any event, such particularity is provided in the attached proposed First Amended Complaint. And certainly, where COLOSIMO and PORTEOUS provided their termination dates, it is enough, for purposes of NRS §§ 608.020-.050, to say that their final paychecks were insufficient. Further, contrary to Defendant's argument, see ECF No. 8 at fn. 6, a pre-suit demand letter is virtually impossible on behalf of a class until discovery begins, and therefore should be deemed unnecessary.

///

///

///

## V. CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion to Dismiss as moot or as a substantive matter, or allow Plaintiffs leave to amend.

DATED this 20 day of May, 2019.

MADDOX | ISAACSON | CISNEROS LLP

By: /s/ Barbara McDonald
Troy L. Isaacson, Esq., NV Bar No. 6690
Norberto J. Cisneros, Esq., NV Bar No. 8782
Barbara McDonald, Esq., NV Bar No. 11651
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 11920 Southern Highlands Parkway, Suite 100, Las Vegas, Nevada 89141.

Pursuant to FRCP 5(b)(3) and LR 5-1, I hereby certify that on this 20th day of May, 2019, I served a true and correct copy of the above document, entitled **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COLLECTIVE AND CLOASS ACTION COMPLAINT, AND MOTION TO AMEND,** via the Court's electronic filing/service system **(CM/ECF)** to all parties on the current service list.

Rick D. Roskelley, Esq.

Littler Mendelson, P.C.

3960 Howard Hughes Parkway,

Suite 300

Las Vegas, NV 89169

Email Address: rroskelley@littler.com

Attorney For: Prince Telecom, LLC

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 20, 2019, at Las Vegas, Nevada.

_____
An employee of MADDOX | ISAACSON | CISNEROS LLP

# EXHIBIT INDEX

Exhibit 1 - 1st Amended Collective and Class Action Complaint.