1  Troy L. Isaacson, Esq., NV Bar No. 6690
2  Norberto J. Cisneros, Esq., NV Bar No. 8782
   Barbara M. McDonald, Esq., NV Bar No. 11651
3  **Maddox | Isaacson | Cisneros LLP**
   11920 Southern Highlands Parkway, Suite 100
4  Las Vegas, Nevada 89141
5  Telephone: (702) 366-1900
   Facsimile: (702) 366-1999
6  *Attorneys for Plaintiffs*

7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10  STEVEN M. COLOSIMO and          CASE NO.: 2:19-cv00647
    NATHANIEL A. PORTEOUS,
11  individuals, on behalf of themselves and all   **STIPULATION AND**
12  other similarly situated employees,            **ORDER TO AMEND AND**
                                                   **REMAND**
13                    Plaintiffs,
14
    vs.
15
16  PRINCE TELECOM, LLC, a Delaware
    limited liability company; and DOES 1
17  through 10, inclusive,
18                    Defendants.
19

20
21        Plaintiffs, STEVEN M. COLOSIMO and NATHANIEL A. PORTEOUS,
22  individuals, on behalf of themselves and all other similarly situated employees, by and
23  through their counsel, Maddox | Isaacson | Cisneros LLP, and PRINCE
    TELECOM, LLC, by and through their counsel, Littler Mendelson, P.C.,
24
    stipulate as follows:
25
26        1.     On February 28, 2019, Plaintiffs commenced this action in the Eighth
27  Judicial District Court, Clark County, Nevada.
28        2.     An Affidavit of Service was filed on April 1, 2019.

FIRMWIDE:164560369.1 053127.1026

3.     On April 15, 2019, Defendant filed Notice of Removal of Action to Federal Court, pursuant to 28 U.S.C. § 1446, removing the action to the United States District Court for the District of Nevada.

4.     On April 15, 2019, Defendant completed the removal process by filing a conformed copy of the Notice of Removal with the Eighth Judicial District Court, Clark County, Nevada.

5.     After discussion, the parties have agreed that the Plaintiffs should be allowed to amend their Complaint, as attached hereto as **Exhibit 1.**

6.     Further, the parties agree that in light of the Amended Complaint, Defendant's pending Motion to Dismiss (ECF No. 8) shall be withdrawn without prejudice and Defendant shall file a notice of non-opposition to Plaintiff's pending Motion to Amend and Remand (ECF No. 11) to the Eighth Judicial District Court, Clark County, Nevada.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

FIRMWIDE:164560369.1 053127.1026

7.     The Parties further stipulate that each party shall bear its own attorneys' fees and costs with respect to the removal and subsequent remand of the Action pursuant to this Stipulation and proposed Order, submitted concurrently.

IT IS SO STIPULATED.

Dated: May 24, 2019                              Dated: May 24, 2019

**MADDOX | ISAACSON | CISNEROS LLP**          **LITTLER MENDELSON, P.C.**

By: _____          By: _/s/  Montgomery Y. Paek_____
Troy L. Isaacson, Esq., NVB 6690             Rick D. Roskelley, Esq., NVB 3192
Norberto J. Cisneros, Esq., NVB 8782         Montgomery Y. Paek, Esq., NVB 10176
Barbara McDonald, Esq., NVB 11651            Neil C. Baker, Esq., NVB 14476
11920 Southern Highlands Parkway             3960 Howard Hughes Parkway
Suite 100                                    Suite 300
Las Vegas, Nevada 8914                        Las Vegas, Nevada 89169
*Attorneys for Plaintiffs*                    *Attorneys for Defendant*

IT IS SO ORDERED  May 30, 2019.


_____
UNITED STATES DISTRICT JUDGE

FIRMWIDE:164560369.1 053127.1026

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

## CERTIFICATE OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action.  My business address is 11920 Southern Highlands Parkway, Suite 100, Las Vegas, Nevada 89141.

Pursuant to FRCP 5(b)(3) and LR 5-1, I hereby certify that on this 24th day of May, 2019, I served a true and correct copy of the above document, entitled **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COLLECTIVE AND CLOASS ACTION COMPLAINT, AND MOTION TO AMEND,** via the Court's electronic filing/service system **(CM/ECF)** to all parties on the current service list.

Rick D. Roskelley,  Esq.

Littler Mendelson, P.C.

3960 Howard Hughes Parkway,

Suite 300

Las Vegas, NV  89169

Email Address: rroskelley@littler.com

Attorney For: Prince Telecom, LLC

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 24, 2019, at Las Vegas, Nevada.

_____
An employee of MADDOX | ISAACSON | CISNEROS LLP

1

# EXHIBIT INDEX

Exhibit 1 -   1st Amended Collective and Class
Action Complaint.

# EXHIBIT 1

Troy L. Isaacson, Esq., NV Bar No. 6690
Norberto J. Cisneros, Esq., NV Bar No. 8782
Barbara M. McDonald, Esq., NV Bar No. 11651
**Maddox | Isaacson | Cisneros LLP**
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141
Telephone: (702) 366-1900
Facsimile: (702) 366-1999
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN M. COLOSIMO and NATHANIEL A. PORTEOUS, individuals, on behalf of themselves and all other similarly situated employees,<br><br>    Plaintiffs,<br><br>vs.<br><br>PRINCE TELECOM, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO.:  2:19-CV00647<br><br>**1ˢᵗ AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**Arbitration Exemptions Claimed:**<br>**1) Class Action**<br>**2) Damages exceeding $50,000**<br>**3) Significant issues of public policy**<br><br>1) Failure to pay minimum wages in violation of the Nevada Constitution;<br><br>2) Failure to compensate for all hours worked in violation of NRS §§ 608.140 and 608.016;<br><br>3) Failure to pay overtime in violation of NRS §§ 608.140 and 608.018;<br><br>4) Failure to timely pay all wages due and owing in violation of NRS §§ 608.140 and 608.020-050;<br><br>5) Failure to provide meal periods in violation of NRS §§ 608.140 and 608.019; |

**Maddox | Isaacson | Cisneros LLP**
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

1

6) Failure to provide rest periods in violation of NRS §§ 608.140 and 608.019;

**JURY TRIAL DEMANDED**

COME NOW Plaintiffs, STEVEN M. COLOSIMO and NATHANIEL A. PORTEOUS, individuals, on behalf of themselves and all other similarly situated employees, by and through their counsel, MADDOX | ISAACSON | CISNEROS LLP, and brings this First Amended Collective and Class Action Complaint, and alleges and brings claims against Defendants as follows:

**JURISDICTION AND VENUE**

1.      The Nevada state court has jurisdiction over the state law claims alleged herein because the amount in controversy exceeds $15,000 and because Plaintiffs have a private right of action for minimum wages for all hours worked pursuant to the Nevada State Constitution, Article 15, Section 16(B), which states, in relevant part:

> An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs.

2.      In addition, this court has jurisdiction over the Nevada statutory claims alleged herein because a party seeking to recover unpaid wages has a private right of action pursuant to NRS Chapter 608. *Neville v. Eighth Judicial Dist. Ct.,* 133 Nev. Adv. Rep. 95, 406 P.3d 499, 500-01 (2017).

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

3.     This Court has jurisdiction over Defendants because, on information and belief, Defendants have sufficient minimum contacts in Nevada, or otherwise intentionally avail themselves of the Nevada market so as to render the exercise of jurisdiction over them by the Nevada courts consistent with traditional notions of fair play and substantial justice.  There is no basis for federal diversity jurisdiction in this action given that the claims, based on wage and hour violations, cannot be aggregated for purposes of satisfying the amount-in-controversy requirement of 28 U.S.C. § 1332(a). *Urbino v. Orkin Servs. of Cal.,* 726 F.3d 1118, 1123 (9th Cir. 2013).

4.     Venue is proper in this Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in the judicial district and many of the acts complained of herein occurred in Clark County, Nevada.

## PARTIES

5.     Plaintiff STEVEN M. COLOSIMO (hereinafter "COLOSIMO") is a natural person who is and was a resident of the State of Nevada and was employed by Defendants as a non-exempt hourly employee during the relevant time period alleged herein, to wit, during a portion of the three years immediately preceding the initiation of this action. Defendants employed Plaintiff as an hourly-paid, Field Installation Technician from approximately May 11, 2016, to July 19, 2018.

6.     Plaintiff NATHANIEL A. PORTEOUS (hereinafter "PORTEOUS") is a natural person who is and was a resident of the State of Nevada and was employed by Defendants as a non-exempt hourly employee during the relevant time period alleged herein, to wit, during a portion of the three years immediately preceding the initiation of this action. Defendants employed Plaintiff as an hourly-paid, non-exempt Field Installation Technician from approximately December 19, 2016, to July 8, 2018.

7.     Defendant PRINCE TELECOM, LLC ("PRINCE TELECOM") is, on information and belief, a Delaware limited liability company doing business in

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

Nevada, with its principal place of business in New Castle, Delaware, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of Nevada, and/or the various states of the United States of America.

8.     At all relevant times herein, Defendant PRINCE TELECOM was/is the employer of Plaintiffs and all Class Members alleged herein, and is an employer engaged in commerce under the provisions of NRS § 608.011.

9.     Defendant PRINCE TELECOM engages in for-profit business which has gross revenue in excess of $500,000.00 per annum and is engaged in the production of goods for interstate commerce and/or the use and/or handling of goods which have moved in interstate commerce.

10.     Plaintiffs are informed and believe, and thereon allege, that all of the various violations of law that are alleged herein were committed intentionally and/or willfully by Defendants.

11.     The identity of DOES 1-50 is unknown at the time and the Complaint will be amended at such time when the identities are known to Plaintiffs. Plaintiffs are informed and believe that each Defendant sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein.

12.     Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers or employees of PRINCE TELECOM at all relevant times.

13.     Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, PRINCE TELECOM and/or DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

14.    At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the violations herein alleged.

15.    Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## FACTUAL ALLEGATIONS

16.    Defendants provide services such as residential and commercial installations, digital converter deployment, high speed modem installations, home security and automation, underground and aerial construction service.  Defendants contract with large cable providers, such as Comcast and Time Warner in order to service businesses and residences throughout Nevada and nationwide.

17.    Upon information and belief, Defendants maintain a single, centralized Human Resources ("HR") department at their corporate headquarters in New Castle, Delaware, which is responsible for conducting Defendants' recruiting and hiring of new employees, as well as communicating and implementing Defendants' company-wide policies, including timekeeping policies, to employees throughout Nevada.  In particular, Plaintiffs and all other similarly situated employees, on information and belief, received the same standardized documents and/or written policies.

18.    Upon information and belief, the use of standardized documents and/or written policies, including new hire documents, indicate that Defendants dictated policies at the corporate-level and implemented them company-wide, regardless of their employees' assigned locations or positions.

19.    On information and belief, all transactions regarding hiring, terminations, promotions, pay increases, and employee transfers, etc., relating to Defendants' Nevada employees were submitted to and processed by Defendants' HR department in New Castle, Delaware.

20.   On information and belief, Defendants' corporate records, business records, data, and other information related to PRINCE TELECOM, including, in particular, HR records pertaining to Defendants' Nevada employees, are also maintained at PRINCE TELECOM's corporate headquarters in New Castle, Delaware.

21.   Upon information and belief, Defendants set forth uniform policies and procedures in several documents including, but not limited to, Company Vehicle Agreement, Employee Handbook, Policies, and Safety Training Manual, informing them that they would be subject to the policies and rules set forth in the documents provided.

22.   Upon information and belief, Defendants maintain a centralized Payroll department at their corporate headquarters in New Castle, Delaware, which processes payroll for all non-exempt, hourly-paid Technicians working for Defendants at their various locations in Nevada, including Plaintiffs and all other similarly situated employees.

23.   Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid employees in Nevada, irrespective of their work location.  Upon further information and belief, during the relevant time period, Defendants used third party ADP Payroll Services to process and issue uniform, standardized wage statements to Plaintiffs and all other similarly situated employees. Thus, Plaintiffs are informed and believe that all other similarly situated employees throughout Nevada were also affected by Defendants' alleged noncompliance with wage statement reporting requirements.

24.   Upon information and belief, Defendants process payroll for departing employees in the same manner throughout the State of Nevada, regardless of the manner in which the employees' employment ends.

25.   Defendants continue to employ non-exempt, hourly-paid employees throughout Nevada.

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

26.   At all times relevant herein, Defendants' compensation system employed a *de facto* piecework-without-minimum wage/overtime system, wherein Plaintiffs and all other similarly situated employees were paid a certain amount for each "piece" of work performed pursuant to a schedule; thereby, Plaintiffs and all other similarly situated employees were not paid minimum wage or time and one-half their "regularly hourly rate" for work in excess of forty hours per week as required by Nevada law.

27.   At all times relevant herein, Defendants further failed to pay Plaintiffs and all other similarly situated employees for time spent in meetings.

28.   Defendants produced false and misleading payroll records indicating that either the proper overtime or some amount of overtime was being paid to Plaintiffs and all other similarly situated employees, when in fact, no such overtime was being paid, or in the alternative, Defendants used a compensation system that did pay some overtime wages upon a designated hourly rate but failed to pay overtime wages on the additional and substantial portion of the earnings of Plaintiffs and all other similarly situated employees that were paid on a piece rate basis.

29.   Defendants' violations of Nevada law were willful in that Defendants were aware the method they were purporting to pay overtime under was illegal and violated Nevada law; such violations were also willful because Defendants were aware their piecework-without-minimum wage/overtime- system  pay scheme had been the subject of prior lawsuits by private parties alleging such schemes violated state law; Defendants also evidenced their willful violations of state law by concocting a false payroll record as to overtime pay and hours worked that had no relationship to the overtime hours actually worked or the actual payment of overtime, such false record being manufactured by Defendants in an attempt to conceal their knowing and willful violations of Nevada law.

30.   Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers and other

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

1  professionals, employees and advisors knowledgeable about Nevada labor and wage

2  law, employment and personnel practices, and about the requirements of Nevada

3  law.

4      31.    Plaintiffs are informed and believe, and thereon allege, that Plaintiffs

5  and all other similarly situated employees were not paid for all hours worked, because

6  all hours worked were not recorded.

7      32.    Plaintiffs are informed and believe, and thereon allege, that Defendants

8  knew or should have known that Plaintiffs and all other similarly situated employees

9  were entitled to receive certain wages for overtime compensation and that they were

10  not receiving certain wages for overtime compensation.

11      33.    Plaintiffs are informed and believe, and thereon allege, that Defendants

12  knew or should have known that Plaintiffs and/or all other similarly situated

13  employees were entitled to be paid at a regular rate of pay, and corresponding

14  overtime rate of pay, that included all forms of remuneration paid to Plaintiffs and all

15  other similarly situated employees, including nondiscretionary bonuses and/or other

16  forms of compensation.

17      34.    Plaintiffs are informed and believe, and thereon allege, that Defendants

18  knew or should have known that Plaintiffs and all other similarly situated employees

19  were entitled to receive at least minimum wages for compensation and that, in

20  violation of Nevada law they were not receiving at least minimum wages and

21  overtime wages for work that Defendants knew or should have known was

22  performed off-the-clock.

23      35.    Plaintiffs are informed and believe, and thereon allege, that Defendants

24  knew or should have known that Plaintiffs and all other similarly situated employees

25  were entitled to meal periods in accordance with Nevada law.

26      36.    Plaintiffs are informed and believe, and thereon allege, that Defendants

27  knew or should have known that Plaintiffs and all other similarly situated employees

28  were entitled to rest periods in accordance with Nevada law.

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

37.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that they were obligated to separately compensate Plaintiffs and all other similarly situated employees for rest periods when paying them on a piece-rate basis.   In violation of Nevada law, Defendants did not separately compensate Plaintiffs and all other similarly situated employees for rest periods.

38.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and all other similarly situated employees were entitled to receive complete and accurate wage statements in accordance with Nevada law.  In violation of Nevada law, Defendants did not provide Plaintiffs and all other similarly situated employees with complete and accurate wage statements.

39.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and all other similarly situated employees were entitled to timely payment of wages upon termination of employment.   In violation of Nevada law, Defendants did not pay Plaintiffs and all other similarly situated employees all wages due, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within permissible time periods.

40.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and all other similarly situated employees were entitled to timely payment of wages during their employment.  In violation of Nevada law, Defendants did not pay Plaintiffs and all other similarly situated employees all wages, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within permissible time periods.

41.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and all other similarly situated employees were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not

1 receive full reimbursement of applicable business-related expenses and costs they

2 incurred.

3     42.    Plaintiffs are informed and believe, and thereon allege, at all times

4 herein mentioned, Defendants knew or should have known that they had a duty to

5 compensate Plaintiffs and all other similarly situated employees for all hours worked,

6 and that Defendants had the financial ability to pay such compensation but willfully,

7 knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and

8 all other similarly situated employees that they were properly denied wages, all in

9 order to increase Defendants' profits.

10     **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

11     43.    Plaintiffs re-allege and incorporate by reference all the paragraphs above

12 in the Complaint as though fully set forth herein.

13     44.    Plaintiffs brings this action on behalf of themselves and all other

14 similarly situated employees and typical employees employed in Nevada as both a

15 collective action under Nevada law.

16     45.    With respect to the Nevada statutory and Nevada common law claims

17 set forth herein, Plaintiffs bring this action on behalf of themselves and the following

18 similarly situated and typical employees ("Nevada class") in Nevada as a class action

19 pursuant to Nev. R. Civ. P. 23: All hourly paid employees employed by Defendants,

20 in the State of Nevada within two years immediately preceding the filing of this

21 action until the date of judgment after trial.

22     46.    **The Class is Sufficiently Numerous.** Upon information and belief,

23 Defendants employ, and has employed, in excess of 25 Class Members within the

24 applicable statute of limitations. Because Defendants are legally obligated to keep

25 accurate payroll records, Plaintiffs allege that Defendants' records will establish the

26 identity and ascertainably of members of the Class as well as their numerosity.

27     47.    The number of class members is so numerous that joinder is

28 impracticable and would involve many individual actions. Dispositions of these

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

claims in a class and/or collective action rather than in individual actions will benefit the parties and the Court.

48. **Plaintiff's Claims are Typical to Those of Fellow Class Members**. Each Class Member is and was subject to the same practices, plans, and/or policies as Plaintiffs, as follows: (1) Defendants required Plaintiffs and all Class Members to work under a *de facto* piecework-without-minimum wage/overtime system as herein described, resulting in Plaintiffs and all Class Members not being paid for time actually worked, at the proper minimum wage or overtime; (2) as a result of working employees without compensation due to *de facto* piecework-without-minimum wage/overtime system as herein described, Defendants failed to provide requisite meal and rest periods; and (3) as a result of working employees without compensation due to *de facto* piecework-without-minimum wage/overtime system as herein described and not paying for time actually worked, Defendants failed to pay Plaintiffs and Class Members who are former employees all wages due and owing at the time of their termination or separation from employment.

49. **Common Questions of Law and Fact Exist.** There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. Common questions of law and fact exist and predominate as to Plaintiffs and the Class, including, without limitation the following: (1) whether the time recorded by Plaintiffs and all other class Members but not paid due to Defendants' conduct as herein described; (2) whether Defendants failed to pay a premium rate of one and one half times their regular rate for all hours worked in excess of 40 hours a week, and if they were paid less than one and one half the minimum wage, then for all hours worked in excess of 8 hours a day; (3) whether Plaintiffs and Class Members were compensated for "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee" pursuant to the Nevada Administrative Code ("NAC") § 608.115(1), and NRS § 608.016; and (4) whether Defendants delayed final payment to

Plaintiffs and Class Members who are former employees in violation of NRS §§ 608.020-050.

50.     **Plaintiffs Are Adequate Representatives of the Class.** Plaintiffs will fairly and adequately represent the interests of the Class because Plaintiffs are members of the Class; they have issues of law and fact in common with all members of the Class, and they do not have any interests antagonistic to the members of the Class. Plaintiffs and counsel are aware of their fiduciary responsibilities to Members of the Class and are determined to discharge those duties diligently and vigorously by seeking the maximum possible recovery for the Class.

51.     **A Class Action Is A Superior Mechanism to Hundreds Of Individual Actions.** A class action is superior to other available means for the fair and efficient adjudication of their controversy. Each Member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate its employees in accordance with Nevada wage and hour law. The prosecution of individual remedies by each member of the Class will be cost prohibitive and may lead to inconsistent standards of conduct for Defendants and result in the impairment of the rights and the disposition of their interest through actions to which they were not parties.

### FIRST CLAIM FOR RELIEF

**Failure to Pay Minimum Wages in Violation of the Nevada Constitution**
(on Behalf of Plaintiffs and all members of the Class)

52.     Plaintiffs re-allege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

53.     Article 15, Section 16(B) of the Nevada Constitution provides that an employer *shall* pay a minimum wage, such wage to be published in a bulletin by the Governor or the State agency designated by the Governor by April 1 of each year announcing the adjusted rates, which shall take effect the following July 1. See also

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

NRS § 608.250 (setting forth that the Labor Commissioner is to establish the minimum wage).

54.    Article 15, Section 16(B) of the Nevada Constitution further provides that (1) the provisions of the section may not be waived by agreement between the employee and employer; (2) an employee claiming violation of the section may bring an action against the employer in the Nevada courts to enforce the provisions of the section, "and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of the section, including but not limited to back pay, damages, reinstatement or injunctive relief"; (3) an employee who prevails in any action to enforce the section "shall be awarded her or her reasonable attorney's fees and costs."

55.    NRS § 608.260 provides:

> If any employer pays any employee a lesser amount than the minimum wage prescribed by regulation of the Labor Commissioner pursuant to the provisions of NRS 608.250, the employee may, at any time within 2 years, bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage. A contract between the employer and the employee or any acceptance of a lesser wage by the employee is not a bar to the action.

56.    Further, NRS § 608.140 provides reasonable attorney fees to a prevailing employee.

57.    As described above, due to Defendants' company-wide scheduling practices and policies, Plaintiffs and all other similarly situated employees were forced to forego meal breaks and/or have their meal breaks interrupted by work and were not relieved of all duties for unpaid meal periods and were not relieved of all duties for unpaid meal periods, in order to complete their assigned installation appointments.  For the same reasons, Plaintiffs and all other similarly situated employees were also required to perform work off-the-clock after their scheduled shift to complete their assigned calls and appointments.  In addition, Defendants

systematically required Plaintiffs and all other similarly situated employees to clock out for meal periods so that employee time records reflected meal periods were taken when, in actuality, they were not.  Defendants did not pay at least minimum wages for off-the-clock hours that qualified for overtime premium payment.  Also, to the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock.

58.     Defendants' failure to pay Plaintiffs and all other similarly situated employees minimum wages violates the NV Constitution, Art. 15, Sec. 16; NRS §§ 608.250, 608.260, and NAC § 608.100.

59.     Wherefore, Plaintiffs demand for themselves and for Class Members payment by Defendants at the minimum wage for all hours that were unlawfully withheld for the two years immediately preceding the filing of this Complaint until the date of judgment after trial, together with attorneys' fees, costs, and interest as provided by law.

## SECOND CLAIM FOR RELIEF
### Failure to Pay Wages for All Hours Worked in Violation of NRS §§ 608.140 and 608.016
(on Behalf of Plaintiffs and all members of the Class)

60.     Plaintiffs re-allege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

61.     NRS § 608.140 provides that an employee has a private right of action for unpaid wages. *Neville v. Eighth Judicial Dist. Ct.,* 133 Nev. Adv. Rep. 95, 406 P.3d 499, 500 (2017).

62.     Further, NRS § 608.140 provides reasonable attorney fees to a prevailing employee.

63.     NRS § 608.016 requires that: "An employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period."

14

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

64.   NAC § 608.115(1) requires: "An employer shall pay an employee for all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee."

65.   Defendants did not pay employees for all time worked before the commencement of the employee's regular shift start time nor all time worked after the end of their regularly scheduled shift time.

66.   As described above, due to Defendants' company-wide scheduling practices and policies, Plaintiffs and all other similarly situated employees were forced to forego meal breaks and/or have their meal breaks interrupted by work and were not relieved of all duties for unpaid meal periods and were not relieved of all duties for unpaid meal periods, in order to complete their assigned installation appointments.   For the same reasons, Plaintiffs and all other similarly situated employees were also required to perform work off-the-clock after their scheduled shift to complete their assigned calls and appointments.   In addition, Defendants systematically required that Plaintiffs and all other similarly situated employees to clock out for meal periods so that employee time records reflected meal periods were taken when, in actuality, they were not.   Defendants did not pay at least minimum wages for off-the-clock hours that qualified for overtime premium payment.   Also, to the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock.

67.   Defendants' failure to pay Plaintiffs and all other similarly situated employees minimum wages violates NRS § 608.016 and NAC § 608.115(1).

68.   Defendants did not pay Plaintiffs and the Class for every hour worked.

69.   Wherefore, Plaintiffs demands for themselves and for all Class Members payment by Defendants at their regular rate of pay, or any applicable overtime premium rate, whichever is higher, for the times worked each shift but not paid, for two years immediately preceding the filing of this complaint until the date of

judgment after trial, together with attorneys' fees, costs, and interest as provided by law.

### THIRD CLAIM FOR RELIEF
**Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018**
(on Behalf of Plaintiffs and all members of the Class)

70.     Plaintiffs re-allege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

71.     NRS § 608.140 provides that an employee has a private right of action for unpaid wages.

72.     Further, NRS § 608.140 provides reasonable attorney fees to a prevailing employee.

73.     NRS § 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works:
>
> (a)     More than 40 hours in any scheduled week of work; or
>
> (b)     More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

74.     NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

75.     Defendants have, on a company-wide basis, failed to implement any policies to authorize and permit technicians like Plaintiffs and all other similarly situated employees to take compliant meal periods and instead, engage in a practice

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

of discouraging and impeding technicians from taking meal periods by requiring that they complete jobs within set times. Defendants have, on a company-wide basis, failed to schedule technicians for meal periods even though they are aware and know that employees are entitled to such meal periods. For example, within the relevant time period, Plaintiffs frequently worked through their shift of 8 to 10 hours without being relieved of their duties to take a meal period. As a result of this company-wide failure to schedule meal periods, Plaintiffs and all other similarly situated employees were rarely, if ever, permitted and authorized to take uninterrupted 30-minute meal periods during shifts to which they were entitled to receive a meal period. Additionally, Defendants systematically, and on a company-wide basis, scheduled and dispatched their technicians to respond to installation appointments without building in sufficient time to allow for 30-minute meal periods, such that Plaintiffs and all other similarly situated employees were prevented from taking all timely, uninterrupted thirty (30) minute meal periods, and also led to them working off-the-clock after their shifts and/or during their meal periods to complete their assigned appointments. Appointments regularly took longer than the time Defendants allotted for them such that Plaintiffs and all other similarly situated employees were not able to take compliant meal period(s). And, upon information and belief, Defendants had no mechanism in place to permit Plaintiffs and all other similarly situated employees to take meal periods when the schedule was thrown off because one or more of their appointments took longer than the scheduled time. Defendants' company-wide policy and/or practice of allotting too little time for the technicians to actually complete the jobs, while still requiring that technicians be on time for their next appointment, prevented Plaintiffs and all other similarly situated employees from being relieved of their duties for meal periods.

76. Further, Defendants systematically and on a company-wide basis required their technicians to clock out for meal breaks that were never taken, or were late, short, and/or interrupted, or otherwise later altering records to show that meal

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

1  breaks had been taken.   As a result of Defendants' scheduling practices and/or

2  policies, Plaintiffs and all other similarly situated employees routinely had meal

3  periods that were missed, late, short, and/or interrupted.   In addition, Defendants

4  did not provide Plaintiffs and all other similarly situated employees with second 30-

5  minute meal periods on days that they worked in excess of 10 hours in one day.

6  Plaintiffs and/or all other similarly situated employees did not sign valid meal break

7  waivers on days that they were entitled to meal periods but were not relieved of all

8  duties.

9         77.    Defendants also had a company-wide practice and/or policy of

10 requiring Plaintiffs and all other similarly situated employees to carry a company

11 cellular phone which they were encouraged to leave on and answer during the

12 workday, including during meal breaks, upon threat of being disciplined or written up

13 for failing to communicate.   For example, Plaintiffs frequently would have their meal

14 breaks interrupted by his supervisor calling them on the company cellular phone

15 requesting that they work on the next job.   Defendants knew or should have known

16 that Plaintiffs and all other similarly situated employees were being made to

17 communicate with their supervisors while off-the-clock in order to meet Defendants'

18 expectations, but failed to compensate them for this off-the-clock work.   And,

19 although Defendants' supervisors regularly contacted Plaintiffs on their company

20 cellular phone while they were clocked out for their meal breaks to discuss work-

21 related matters, Defendants failed to pay them for this time.   Defendants knew or

22 should have known that as a result of its policies, that Plaintiffs and all other similarly

23 situated employees were performing some of their assigned duties off-the-clock

24 and/or during meal periods and were suffered or permitted to perform work for

25 which they were not paid.   Defendants also knew, or should have known, that it did

26 not compensate Plaintiffs and all other similarly situated employees for this off-the-

27 clock work.

28 ///

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

78.   Because Plaintiffs and all other similarly situated employees sometimes worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.  Therefore, Plaintiffs and all other similarly situated employees were not paid overtime wages for all of the overtime hours they worked.  Defendants' failure to pay Plaintiffs and all other similarly situated employees the balance of overtime compensation violates the provisions of Nevada law.

79.   Furthermore, Defendants did not pay Plaintiff and all other similarly situated employees the correct overtime rate for the recorded overtime hours that they generated.  In addition to an hourly wage, Defendants paid Plaintiffs and/or all other similarly situated employees incentive pay and/or nondiscretionary bonuses.  However, in violation of Nevada law, Defendants failed to incorporate all remunerations, including incentive pay and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate.  Therefore, during times when Plaintiffs and/or other all other similarly situated employees worked overtime and received these other forms of pay, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

80.   Because of this Defendants' unlawful conduct as herein described, Defendants did not pay Plaintiffs and the Class for all time worked before the commencement of the employee's regular shift start time nor all time worked after the end of their regularly scheduled shift time.

81.   Because of this Defendants' unlawful conduct as herein described, Defendants did not pay Plaintiffs and Class Member daily overtime premium a regular rate of less than one and one half times the minimum wage premium pay and, failed to pay a weekly premium overtime rate of pay of time and one half their regular rate for all members of the Class Members who worked in excess of forty (40) hours in a week in violation of NRS §§ 608.140 and 608.018.

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

82.   Wherefore, Plaintiffs demand for themselves and for the Class Members payment by Defendants at one and one half times their "regular rate" of pay for all hours worked in excess of eight (8) hours in a workday for those class members whose regular rate of pay did not exceed the one and one half the minimum wage set by law, and premium overtime rate of one and one half their regular rate for all class members who worked in excess of forty (40) hours a workweek during the Class Period together with attorneys' fees, costs, and interest as provided by law.

## FOURTH CLAIM FOR RELIEF
### Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050
(on Behalf of Plaintiffs and the Class)

83.   Plaintiffs re-allege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

84.   NRS § 608.140 provides that an employee has a private right of action for unpaid wages.

85.   Further, NRS § 608.140 provides reasonable attorney fees to a prevailing employee.

86.   NRS § 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

87.   NRS § 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30 days, whichever is less."

88.   NRS § 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in

the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

89.     By failing to pay Plaintiffs and all members of the Class who are former employees for all hours worked in violation of state law, at the correct legal rate, Defendants have failed to timely remit all wages due and owing to Plaintiffs and all members of the Class who are former employees.

90.     Despite demand, Defendants willfully refuses and continues to pay Plaintiffs and all Class Members who are former employees.

91.     Wherefore, Plaintiffs demand thirty (30) days wages under NRS §§ 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, for all members of the Class who are former employees together with attorneys' fees, costs, and interest as provided by law.

### FIFTH CLAIM FOR RELIEF
**Failure to provide meal periods in violation of NRS §§ 608.140 and 608.019**
(on Behalf of Plaintiffs and the Class)

92.     Plaintiffs re-allege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

93.     NRS § 608.019 (1) requires, "An employer shall not employ an employee for a continuous period of 8 hours without permitting the employee to have a meal period of at least one-half hour. No period of less than 30 minutes interrupts a continuous period of work for the purposes of this subsection."

94.     NAC 608.16 requires, "Except as otherwise provided in NRS 608.0195 and 608.215, an employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period."

95.     During the relevant time period, Defendants had a company-wide policy and/or practice of scheduling its technicians to respond to calls/appointments

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

1  in such a way that prevented Plaintiffs and all other similarly situated employees from

2  taking compliant meal periods.  As a result of this practice and/or policy, Plaintiffs

3  and all other similarly situated employees were required to continue to perform their

4  duties without being able to take timely, compliant meal periods.  Additionally,

5  Defendants prevented Plaintiffs and all other similarly situated employees from being

6  relieved of their duties for meal periods by discouraging Plaintiffs and all other

7  similarly situated employees from taking compliant breaks due to their policy of

8  requiring that technicians keep on and answer their company cellular phones, upon

9  threat of being disciplined or written up, even while clocked out for meal breaks.

10 Defendants also had a company-wide practice and/or policy of effectively clocking

11 out employees for meal breaks that were never taken, shortened, and/or interrupted.

12      96.    As also stated, Defendants had a company-wide policy and/or practice

13 of failing to schedule Plaintiffs and all other similarly situated employees for meal

14 periods.  Meanwhile, Defendants knew Plaintiffs and all other similarly situated

15 employees' appointments were scheduled such that they were constantly traveling to

16 additional appointments or being interrupted by supervisors calling about

17 appointments, which impeded and prevented them from taking uninterrupted 30-

18 minute meal periods.  As a result of Defendants' failure to schedule meal periods,

19 Plaintiffs and all other similarly situated employees were made to continue to

20 perform their duties without taking timely, compliant meal periods.  Defendants

21 further knew, or should have known, that they did not pay Plaintiffs and all other

22 similarly situated employees meal period premium wages when they were missed or

23 taken late.

24      97.    At all times herein mentioned, Defendants knew or should have known

25 that as a result of these policies, Plaintiffs and all other similarly situated employees

26 were prevented from being relieved of all duties and required to perform some of

27 their assigned duties during meal periods and that Defendants did not pay Plaintiffs

28 and all other similarly situated employees meal period premium wages when they

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

were interrupted.  As a result, Plaintiffs and all other similarly situated employees had to work through some or all of their meal periods, have their meal periods interrupted to hurry to the next call/appointment, and/or wait extended periods of time before taking meal periods.  For example, Plaintiffs and all other similarly situated employees were made to work over 8 to 10 hours straight before Defendants permitted and authorized them to take their meal periods.  Furthermore, Defendants did not provide Plaintiffs and all other similarly situated employees with second 30-minute meal periods on days that they worked in excess of ten (10) hours in one day. Defendants knew or should have known that their failure to schedule meal periods would result in a failure to provide Plaintiffs and all other similarly situated employees with full and timely meal periods as required by Nevada law.

98.     Plaintiff and all other similarly situated employees did not sign valid meal break waivers on days that they were entitled to meal periods but were not relieved of all duties.  Instead, and as stated, Defendants required Plaintiffs and all other situated employees to sign blanket meal period waivers during the new-hire process, which are invalid.

99.     Moreover, Defendants engaged in a systematic, company-wide policy to not pay meal period premiums.  Alternatively, to the extent that Defendants did pay Plaintiffs and all other similarly situated employees one (1) additional hour of premium pay for missed meal periods, Defendants did not pay Plaintiff and/or all other similarly situated employees at the correct rate of pay for premium wages because Defendants failed to include all forms of compensation, such as incentive pay and/or nondiscretionary bonuses, in the regular rate of pay.  As a result, to the extent Defendants paid Plaintiffs and all other similarly situated employees premium pay for missed meal periods, it did so at a lower rate than required by law.  As a result, Defendants failed to provide Plaintiffs and all other similarly situated employees compliant meal periods and failed to pay the full meal period premiums due.

100.   Defendants' conduct violates Nevada law.  Plaintiff and all other similarly situated employees are therefore entitled to recover civil penalties pursuant to NRS § 608.140.

## SIXTH CLAIM FOR RELIEF
### Failure to Provide Rest Periods in violation of NRS §§ 608.140 and 608.019
(on Behalf of Plaintiffs and the Class)

101.   Plaintiffs re-allege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

102.   NRS § 608.019(2) provides:

Every employer shall authorize and permit all his or her employees to take rest periods, which, insofar as practicable, shall be in the middle of each work period. The duration of the rest periods shall be based on the total hours worked daily at the rate of 10 minutes for each 4 hours or major fraction thereof. Rest periods need not be authorized however for employees whose total daily work time is less than 3 and one-half hours. Authorized rest periods shall be counted as hours worked, for which there shall be no deduction from wages.

103.   At all relevant times, NRS § 608.019(2) was applicable to Plaintiff and all other similarly situated employees' employment by Defendants.

104.   Under Nevada law, employers that use a piece-rate compensation system must compensate employees separately for their rest periods. NRS § 608.019(2). A piece-rate compensation system that does not separately compensate employees for rest periods does not comply with Nevada's minimum wage law. NRS  608.016; NAC  608.115.

105.   During the relevant time period, Defendants compensated Plaintiff and all other similarly situated employees in various ways, including on a piece-rate basis only for certain activities.  However, Defendants did not separately compensate Plaintiffs and all other similarly situated employees rest periods during the times they were compensated on a piece-rate basis, as required.  Defendants' failure to separately compensate Plaintiffs and all other similarly situated employees for rest

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

1    breaks when paying them on a piece-rate basis violates Nevada law.

2        106.    During the relevant time period, Defendants regularly failed to

3    authorize and permit Plaintiffs and all other similarly situated employees to take 10

4    minute rest period per each four (4) hour period worked or major fraction thereof.

5    As with meal periods, Defendants' scheduling policies and practices, or lack thereof,

6    prevented Plaintiff and all other similarly situated employees from being relieved of

7    all duty in order to take compliant rest periods.  Defendants similarly had no practice

8    or policy of scheduling rest periods for Plaintiff and all other similarly situated

9    employees. As a result, Plaintiff and all other similarly situated employees would

10   work shifts in excess of 3.5 hours without 10 minute rest periods to which they were

11   entitled.  Throughout his employment, Plaintiffs regularly worked straight through

12   their shifts without taking 10 minute rest periods.

13       107.    At the same time, Defendants implemented a company-wide policy to

14   not pay rest period premiums.  Alternatively, to the extent that Defendants did pay

15   Plaintiffs and all other similarly situated employees one (1) additional hour of

16   premium pay for missed rest periods, Defendants did not pay Plaintiffs and/or all

17   other similarly situated employees at the correct rate of pay for premium wages

18   because Defendants failed to include all forms of compensation, such as incentive

19   pay and/or nondiscretionary bonuses, in the regular rate of pay.  As a result, to the

20   extent Defendants paid Plaintiffs and all other similarly situated employees premium

21   pay for missed rest periods, it did so at a lower rate than required by law.  As a result,

22   Plaintiffs and all other similarly situated employees were denied rest periods and

23   failed to pay the full rest period premiums due, in violation of Nevada law.

24       108.    Defendants' conduct violates Nevada law.   Plaintiff and all other

25   similarly situated employees are therefore entitled to recover civil penalties pursuant

26   to NRS § 608.140.

27   ///

28

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

1

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury trial pursuant to Nevada Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

Wherefore Plaintiffs, individually and on behalf of all Members of the Class alleged herein, prays for relief as follows:

1.     For an order certifying the action as a traditional class action under Nevada Rule of Civil Procedure Rule 23 on behalf of all members of the Class;

2.     For an order appointing Plaintiffs as the Representatives of the Class and their counsel as Class Counsel for the Class;

3.     For damages according to proof for minimum wage rate, the regular rate or the overtime premium rate, if applicable, for all hours worked but not paid due the Defendants' unlawful conduct as herein alleged;

4.     For waiting time penalties pursuant to NRS §§ 608.140 and 608.040-.050;

5.     For interest as provided by law at the maximum legal rate;

6.     For reasonable attorney's fees in accordance with Nevada Revised Statutes;

7.     For costs of suit incurred herein;

8.     For pre-judgment and post-judgment interest, as provided by law; and

///
///
///
///
///
///
///
///

9.    For such other and further relief as the Court may deem just and proper.

DATED this _____ day of _____, 2019.

**MADDOX | ISAACSON | CISNEROS LLP**


By:_____
        Troy L. Isaacson, Esq., NV Bar No. 6690
        Norberto J. Cisneros, Esq., NV Bar No. 8782
        Barbara McDonald, Esq., NV Bar No. 11651
        11920 Southern Highlands Parkway, Suite 100
        Las Vegas, Nevada 89141
        *Attorneys for Plaintiff*